# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2017

Lyle W. Cayce
Clerk

No. 16-41097
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FEATHER J. SALDANA; SHAWNA P. JOHNSON,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1268-1
USDC No. 5:15-CR-1268-2

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Feather J. Saldana and Shawna P. Johnson, mother and daughter, were convicted by a jury of conspiracy to import five kilograms and more of a mixture and substance containing a detectable amount of cocaine and of importation of five kilograms and more of a mixture and substance containing a detectable amount of cocaine.  Saldana was sentenced to statutory-minimum concurrent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41097

120-month terms of imprisonment and to concurrent five-year periods of supervised release. Johnson was sentenced at the bottom of the guidelines range to concurrent 135-month terms of imprisonment and to concurrent five-year periods of supervised release.

Saldana asserts that the evidence of her guilt was insufficient. She contends that the Government failed to prove the guilty knowledge elements of the conspiracy and importation offenses. *See also United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc) (listing elements of drug conspiracy offense); *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999) (listing elements of drug importation offense).

We view the evidence in the light most favorable to the Government. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is sufficient if "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *Id.* Knowledge can be inferred from control of a vehicle in which controlled substances are found. *United States v. Vasquez*, 677 F.3d 685, 694 (5th Cir. 2012). When drugs are concealed in a hidden compartment, as in this case, this court has "required additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *Id.* (internal quotation marks and citation omitted).

Three co-conspirators testified for the Government about the details Saldana's involvement in the drug conspiracy, including her acquisition of and participation in the modifications to a vehicle for her to use in the smuggling operation. Saldana was arrested when she attempted to drive Johnson's vehicle into the United States from Mexico. The vehicle contained a substantial amount of cocaine in a hidden compartment. The Government's evidence was sufficient for a rational juror to find that Saldana knowingly

2

No. 16-41097

participated in the drug conspiracy and importation offenses. *See Jackson*, 443 U.S. at 319; *Vasquez*, 677 F.3d at 694-95.

Johnson contends that the district court erred in denying her motion for a new trial, which complained of violations of her Sixth Amendment rights to a fair trial and to effective assistance of counsel. We review the district court's denial of that motion for an abuse of discretion. *See United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015).

She complains that her attorney and Saldana's attorney repeatedly violated the district court's in limine orders and were rebuked by the district court during bench conferences. Their unprofessional behavior, she contends, "discredited both counsel in the jury's eyes." Johnson asserts that it should be presumed that the jury could hear the district court's admonishments during the bench conferences and was influenced by them.

Johnson does not have standing to complain of the unprofessional acts of Saldana's attorney except insofar as his behavior affected her right to a fair trial. *See Texas v. Cobb*, 532 U.S. 162, 172 n.2 (2001). A criminal defendant's Sixth Amendment right to a fair trial is not violated where a district court's criticisms of defense counsel occur outside the presence of the jury and where challenged actions of the district court do not amount to intervention that could have led the jury to a predisposition of guilt by improper confusion of the functions of the judge and the prosecutor. *See United States v. Abrams*, 568 F.2d 411, 423-25 (5th Cir. 1978). The district court found in this case that its bench conferences were not audible to the jury. Johnson has not shown that her Sixth Amendment right to a fair trial was denied. *See id.*

Because Johnson's claim of ineffective assistance of counsel was litigated below, we may address it at this juncture. *See United States v. Fuchs*, 467 F.3d 889, 910 n.15 (5th Cir. 2006). Johnson must show both that (1) her lawyer's

No. 16-41097

performance was deficient because it fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense by rendering the verdict unreliable or the proceedings fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984).  As the district court reasoned, Johnson cannot show that counsel's conduct affected the outcome of the trial as there was substantial evidence of her guilt.  *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

Because Johnson has not shown that her right to a fair trial was denied or that she received ineffective assistance of counsel, she cannot show that that the district court abused its discretion in denying her motion for a new trial. *See Pratt*, 807 F.3d at 645.  The judgment is

AFFIRMED.